IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SEAN W. SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00321-P |
| § | |
| FIRST CHOICE LOAN SERVICES § | |
| INC. et al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions: Defendants First Choice Loan Services, Inc.'s ("First Choice" or "FC") and Amerihome Mortgage Company, LLC's ("Amerihome" or "AMC") Motions to Dismiss for Failure to State a Claim. ECF Nos. 5, 9. Having considered the Motions, briefing, and the applicable law, the Court finds that Defendants' Motions to Dismiss should be and are hereby **GRANTED**.

### BACKGROUND[1]

On or about January 16, 2016, Plaintiff Sean W. Smith purchased a home at 908 Rockcress Drive, Mansfield Texas (the "home") with a home mortgage loan from First Choice, the principal of which was $265,109. Pet. at ¶ 2, ECF No. 1; AMC's MTD at 1,

---

[1]The Court draws its factual account from the allegations in Plaintiffs' Original Petition. *See Manguno v. Prudential Prop. & Case. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a Rule 12(b)(6) motion to dismiss, "all facts pleaded in the complaint must be taken as true").

ECF No. 6.  This home was Smith's homestead. Pet. at ¶ 2. The loan, evidenced by a note and secured by a deed of trust, was later assigned to Amerihome. *Id*. at ¶ 11.

Smith alleges that First Choice failed to include the taxes owed to Mansfield ISD in their disclosure statement, which lead to a miscalculation of payments that resulted in an escrow shortage, late fees, and penalties. *Id*. at ¶ 10. As to Amerihome, Smith alleges that Amerihome failed to accurately calculate taxes owed and the escrow payment necessary on the loan. *Id*. at ¶ 11. Smith asserts that Amerihome admitted as much in a letter dated July 23, 2018, after which Amerihome accepted increased payment for a brief period. *Id*. Amerihome then posted Smith's home for foreclosure sale on September 4, 2018. *Id*. Smith alleges that he incurred additional penalties, interests, and attorneys' fees as a result of these actions. *Id*.

Smith filed this suit in Tarrant County District Court on January 31, 2020, in which he alleges several claims against the defendants generally:  1) that the defendants violated the Texas Debt Collection Practices Act ("TDCPA"); 2) violated the Federal Debt Collection Practices Act ("FDCPA"); 3) violated the Real Estate Settlement and Procedures Act ("RESPA"); 4) violated the "Dodd-Frank Act;" 5) breached  a duty of good faith and fair dealing; and 6) breached the mortgage contract. Pet. ¶¶ 12–17.

After Amerihome properly removed the case (ECF. No. 1), on March 14, 2020, both Amerihome and First Choice filed their Motions to Dismiss for Failure to State a Claim. ECF Nos. 5, 9. As of this Order's issuance, Smith has not submitted any responsive

pleading and indeed has not participated in the case since its removal. The Motion to Dismiss is now ripe for the Court's consideration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

## ANALYSIS

**A.     The TDCPA**

    1.     <u>Smith fails to state a TDCPA claim against Amerihome because the petition fails to allege any false or misleading statements.</u>

The TDCPA prohibits certain acts by debt collectors such as threats, coercion, harassment, abuse, and unconscionable and fraudulent conduct. TEX. FIN CODE § 392.001–

.404. Claims brought under § 392.304(a) require a "fraudulent, deceptive, or misleading representation." *Id.* at § 392.304(a).[2] Subsections (8) and (19) likewise require a "misrepresent[ation]" or "false representation." *Id.* at § 392.304(a)(8), (19). The Fifth Circuit held claims under either of these subsections require "affirmative statement[s] that [were] false or misleading." *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013) (quoting *Kruse v. Bank of N.Y. Mellon*, 936 F. Supp. 2d 790, 792 (N.D. Tex. 2013)); *see also Harris v. Cenlar FSB*, Civ. Action No. 4:19-cv-00639-P, 2019 WL 5578572, at *3 (N.D. Tex. Oct. 29, 2019) (Pittman, J.) ("Thus, absent allegations of an 'affirmative statement,' Harris has failed to state a claim for violations of sections 392.304(a)(3) and (a)(8).").

Smith's petition fails to allege that Amerihome affirmatively made any false or misleading statements. Erroneously calculated tax liabilities and escrow payments constitute neither the false nor misleading affirmative statements required by the Fifth Circuit when pursing such claims under the TDCPA, and to hold as much extends the TDCPA's reach beyond its grasp. *See Verdin*, 540 F. App'x at 257. Thus, Smith fails to allege a plausible TDCPA claim against Amerihome.

---

[2]Smith's petition refers to Sections "392.304(s)(8)" and "392.304(19)." As these Sections do not exist, the Court construes Smith's claims as coming under Sections 392.304(a)(8), (19).

5

### 2. Smith fails to state a TDCPA claim against First Choice because First Choice is not a third-party debt collector.

In addition to the above requirements, the TDCPA further mandates a surety bond for any third-party debt collector or credit bureau. § 392.101(a). The term "*third-party* debt collector" mirrors the definition put forth in the FDCPA, which defines the term in relevant part as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id*. at § 392.001(6) (emphasis added); 15 U.S.C § 1692a(6).

Smith's petition makes much over the perceived issue that First Choice did not file a bond with the Texas Secretary of State. Pet. ¶ 12. However, Smith admits that First Choice was their original lender and creditor, which necessarily excludes their being a third-party debt collector to their own debt. *See Birchler v. JPMorgan Chase Bank*, No. 4:14-CV-81, 2015 WL 1939438, at *5 (E.D. Tex. Apr. 29, 2015) ("When a creditor forecloses, it is not trying to obtain any funds directly from the debtor in satisfaction of the debt. Instead, foreclosure is an effort by the creditor to enforce its rights under the Deed of Trust in order to satisfy a debt upon which a debtor defaulted."); ¶¶ 8–11. Further, Smith's petition is devoid of any factual allegations that First Choice made any threats, acted coercively or harassingly, or engaged in any abusive, unconscionable, or fraudulent conduct. It follows that none of First Choice's conduct as alleged by Smith falls within the TDCPA's purview. Thus, Smith fails to allege a plausible TDCPA claim against First Choice.

**B.	The FDCPA**

To allege a claim under the FDCPA, a defendant must be a "debt collector." *See Montgomery v. Wells Fargo Bank, N.A.*, 459 F. Appx 424, 428 n.1 (5th Cir. 2012). Parties collecting their own debt, as opposed to a debt of another, are not "debt collectors" as defined by the FDCPA. *Williams v. Countrywide Home Loans*, Inc., 504 F.Supp.2d 176, 190 (S.D. Tex. 2007) aff'd, 269 Fed. Appx. 523 (5th Cir. 2008). Likewise, mortgage servicers are not "debt collectors" under the FDCPA. *See, e.g.*, *Caldwell v. Flagstar Bank, FSB*, No. 3:12-cv-1855-k-BD, 2013 WL 705110 at *10 (N.D. Tex. Feb 4, 2013). An exception exists when a defendant becomes a "mortgage lender and servicer after the debt was in default." *Id*.

While Smith references the above rule briefly, he only alleges that Amerihome failed to obtain a surety bond. Pet. ¶ 12. Thus, the petition ignored the requirement that Amerihome must have become the mortgage lender and servicer *after* the debt was in default to be amenable to suit under the FDCPA. Indeed, the petition contains no facts to suggest this situation. It follows that Amerihome is not a "debt collector" under the FDCPA, and that Smith fails to allege a plausible FDCPA claim against them.

Finally, First Choice was the original lender and creditor on the note, so First Choice does not qualify as a debt collector under the FDCPA. *See Montgomery*, 459 F. Appx at 428 n.1. Thus, Smith fails to state a plausible FDCPA claim against First Choice.

**C.	RESPA**

1. <u>Smith fails to properly allege a RESPA claim against Amerihome because he fails to plead either actual damages or a practice or pattern of noncompliance.</u>

A properly pleaded RESPA claim must allege a violation of 12 U.S.C. § 2605(f) or 12 C.F.R § 1024.41(a). Furthermore, individuals must either "plead actual damages . . . result[ing] [from] the [alleged] failure" to comply with RESPA or "a pattern or practice of noncompliance" with RESPA. 12 U.S.C. § 2605(f)(1) (2018); *see also Deal v. Bank of New York Mellon*, 619 F. App'x 373, 374 (5th Cir. 2015); *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014). "The burden is on the borrower to show that they incurred actual damages to substantiate a RESPA claim." *Geoffrion v. Nationstar Mortg. LLC*, 182 F. Supp. 3d 648, 662 (E.D. Tex. 2016) (citing *Caballero v. Wells Fargo Bank, N.A.*, No. 3:11-cv-1385-O-BD, 2011 WL 6039953, at *2 (N.D. Tex. July 25, 2011). "Although there is no particular number of violations that create a 'pattern or practice of noncompliance,' federal courts have consistently held that two violations of RESPA are insufficient to support a claim for statutory damages." *Id.* at 667.

Smith alleges that RESPA requires defendants to "accurately apply and account for all funds paid by the consumer regarding their mortgage loan." Pet. at ¶ 14. While Smith attempted to plead damages generally in his petition, *see* Pet. at ¶ 18, he fails to assert that any of these alleged damages resulted from a RESPA violation. *See Whittier*, 594 F. Appx at 836. Moreover, Smith's discussion of a single letter between himself and Amerihome is merely evidence of a one-off communication. Pet. at ¶ 11. A single letter does not a "pattern

or practice" of noncompliance make. *See Caballero*, 2011 WL 6039953, at *2. Thus, Smith fails to state a plausible RESPA claim against Amerihome.

      2.    <u>Smith fails to allege a RESPA claim against First Choice because no RESPA private right of action exists in this instance.</u>

In addition to the above requirements, Section 2604(c) of RESPA requires a mortgage lender to provide borrowers a good faith estimate of charges. 12 U.S.C. § 2604(c). However, it does not create a private cause of action for failure to provide an accurate good faith estimate. *See, e.g.*, *Schieroni v. Deutsche Bank Nat. Tr. Co.,* No. CIV.A. H-10-663, 2011 WL 3652194, at *4 (S.D. Tex. Aug. 18, 2011) ("And to the extent that the [plaintiffs] allege a RESPA claim arising from the good faith estimate, this claim is also barred by . . . the absence of a private right of action under the relevant RESPA sections[, 12 U.S.C. § 2604(c)].").

Smith's only factual allegations against First Choice concern an alleged failure to provide an accurate estimate of mortgage payment charges. Pet. ¶¶ 9–10, 14. Assuming the facts alleged as true is not enough to will a private cause of action into being. *See Alexander v. Sandoval*, 532 U.S. 275, 284–88 (2001) (Scalia, J.). Thus, Smith fails to state a plausible claim RESPA claim against First Choice.

**D.**    **The "Dodd-Frank" Act**

Smith purports to bring a "Dodd-Frank" claim as well against both First Choice and Amerihome, but no such claim exists in this instance. Aside from a narrow exception for whistleblower claims, the Dodd-Frank Act does not provide for a private right of action by

9

borrowers against lenders. *See, e.g.*, *Calhoun v. Stearns Lending, LLC*, No. 4:19-cv-0055, 2019 WL 1232862, at *4 (E.D. Tex. Feb. 1, 2019) (collecting cases). Indeed, these specific statutes cannot support a claim related to an alleged failure to "accurately apply and account for all funds paid by the consumer regarding their [sic] mortgage loan," as Smith alleges in his petition. *Caldwell*, 2013 WL 705110, at *10 ("Plaintiff has failed to plead, and cannot possibly plead, a claim under 12 U.S.C.A. § 1454 or § 1701P–1."); Pet. at ¶ 14. Thus, Smith cannot state a plausible claim under the Dodd-Frank Act against First Choice or Amerihome.

### F.  Duties of Good Faith and Fair Dealing

In *English v. Fischer*, the Texas Supreme Court explicitly refused to imply a duty of good faith and fair dealing into Texas contracts. 660 S.W.2d 521, 522 (Tex. 1983). Smith attempts to create this duty by citing Texas Business and Commerce Code §§ 1.201(20) and 9.102(c), but these are mere definitional statutes that provide no aid. As noted above, courts do not lightly create private causes of action where no explicit instruction is given in a statute. *See Sandoval*, 532 U.S. 275, 284–88. Furthermore, the relationship between borrowers and lenders does not amount to a special relationship, nor does Smith identify any contractual language imposing such a duty. *Mfrs. Hanover Tr. Co. v. Kingston Invr's Corp.*, 819 S.W.2d 607, 610 (Tex. App.—Houston [1st Dist.] 1991, no writ) ("It is well settled that the relationship between a borrower and its lender is neither a fiduciary relationship, nor a special relationship."). Thus, Smith cannot state a plausible claim of a

breach of good faith and fair dealing against either First Choice or Amerihome. *See Nationsbank v. Perry Bros. Inc.*, 68 F.3d 466 (5th Cir. 1995).

### G. Breach of Contract

Performance or tendered performance by the plaintiff, and a breach of the contract by the defendant, are essential elements of a breach-of-contract claim. *Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). "A breach occurs when a party fails or refuses to do something he has promised to do." *Id.* It is the court's role to determine "what duties exist under a contract." *Vast Constr., LLC v. CTC Contractors, LLC*, 526 S.W.3d 709, 718 (Tex. App.—Houston [14th Dist.] 2017, no pet.). "If [a contract] is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).

In this instance, Smith refers to a general "breach of contract" without specifying what constitutes the contract or breach in question. Pet. at ¶ 17. Thus, the Court considers the deed of trust as the contract in question given that its centrality to his breach of contact claim. *See Reese v. Wells Fargo Bank, N.A.*, Civ. Action No. 3:17- CV-2174-G, 2017 WL 5992406, at *2 (N.D. Tex. Dec. 4, 2017) (Fish, J.) (citing *Collins*, 224 F.3d at 498–99). As the Court interprets Smith's petition, this breach of contract claim refers to an alleged wrongful foreclosure. *See* Pet. at ¶ 16–17. However, Texas does not recognize an 'attempted wrongful foreclosure' cause of action." *See, e.g.*, *Mitchell v. Ocwen Loan Servicing, LLC*, Civ. Action No. 4:15-cv-668-O, 2015 WL 13850566, at *4 (N.D. Tex.

11

Dec. 24, 2015) (O'Connor, J.) ("Because Texas does not recognize attempted wrongful foreclosure, Plaintiffs' attempted wrongful foreclosure claims are DISMISSED.").

Smith's petition further asserts that the defendants breached contract through failing to account for property taxes and escrow payments. Pet. at ¶ 14. However, the deed of trust affirmatively negates this theory of breach because it puts forth a process to address escrow-payment discrepancies. In paragraph 3, the deed of trust expressly recognizes that the "Lender shall estimate the amount of [escrow funds] due." AMH MTD Ex. A at 3. It then provides the process of rectifying miscalculations of escrow funds. *Id*. at 4. The deed of trust does not delegate the right to Smith to unilaterally calculate the payment for his own benefit or convenience. Instead, if there is an escrow shortage like Smith alleges, and Amerihome notifies Smith of such, Smith must perform by making the necessary payments.

This Smith did not do. The mortgage servicer, Amerihome, originally estimated the escrow payment. When an escrow shortage ultimately occurred because of the alleged tax-liability miscalculation, Amerihome complied with paragraph 3 of the deed of trust by setting higher monthly payments. Smith then failed to perform by not paying these new monthly payments. As such, Amerihome performed under the deed of trust while Smith did not. Therefore, Smith cannot state a plausible claim for breach of contract against Amerihome as there was no breach to complain of. Finally, as the same analysis applies to Smith's claims against First Choice, Smith similarly fails to state a plausible claim for breach of contract against First Choice.

## CONCLUSION

For the foregoing reasons, the Court finds that Amerihome and First Choice's Motions to Dismiss (ECF No. 5, 9), should be and are hereby **GRANTED**. Accordingly, Smith's claims against Amerihome and First Choice are **DISMISSED with prejudice**. Furthermore, the Court **ORDERS** Smith to file an amended complaint as to the remaining defendant **on or before October 12, 2020.**

**SO ORDERED** on this **28th day** of **September, 2020.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE